HEATHER D. HEARNE, SBN 254496
hdh@kullmanlaw.com
**THE KULLMAN FIRM**
A Professional Law Corporation
10233 South Parker Rd., Ste 306
Parker, Colorado 80134
Tel.: (720) 447-6628
Fax: (225) 906-4230

Attorney for Defendant
DXC Technology Company

JOEL P. WAELTY, SBN 226728
ELENO NUNEZ GONZALEZ, SBN 332555
**JACHIMOWICZ LAW GROUP**
1530 The Alameda, Suite 115
San Jose, California 95126
Tel.: (408) 246-5500
Fax: (408) 246-1051
E-Mail: joel@jachlawgroup.com
            eleno@jachlawgroup.com

Attorneys for Plaintiff
CHRISTOPHER SURDAK

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SURDAK, an individual,<br><br>                     Plaintiff,<br><br>      v.<br><br>DXC TECHNOLOGY, a Nevada Corporation, and DOES 1-25, inclusive,<br><br>                     Defendant. | CASE NO. 5:22-cv-00921-SB-KKx<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**
1

Certain corporate documents of Defendant DXC TECHNOLOTY may contain sensitive confidential, proprietary, and valuable trade secrets and information, the disclosure of which could be harmful to Defendant's businesses and affect its competitiveness and the confidentiality of which outweighs the public's interest in full access to all documents related to this Litigation. Further, Defendant maintains numerous other records containing confidential information concerning their employees, the disclosure of which could be adverse to the employees. However, some of the above-described records may contain information relevant to Plaintiff Christopher Surdak's ("Plaintiff") claims and thus be discoverable. Accordingly, counsel for Defendant and counsel for Plaintiff herein stipulate and agree that the following provisions are in place concerning the documents, discovery responses, depositions and other items produced, exchanged or otherwise utilized in this lawsuit:

## **Definitions**

1.     The terms defined in Paragraph 1 shall have the meaning provided. Defined terms may be used in the singular or plural.

      a.     "Producing Party" means the Party or person who produces or who is asked to produce documents or information.

      b.     "Receiving Party" means the Party receiving or requesting the production of documents or information designated as Confidential or Highly Confidential.

      c.     "Designating Party" means the Party who designates documents produced or received in this action as Confidential or Highly Confidential. The Designating Party may or may not be the same as the Producing Party.

      d.     The "Litigation" means the lawsuit captioned above, including all discovery proceedings, hearings, preparation and pre-trial, trial, and post-trial activities related thereto.

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

4853-7730-4888, v. 1

e.    "Litigation Documents" means all pleadings, motions, affidavits and related papers, answers to interrogatories, all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation or trial, and all transcripts of testimony given in depositions, in hearings or at trial in connection with the Litigation.

f.    The "Parties" shall mean the Parties to this Litigation: Plaintiff Christopher Surdak and Defendant DXC Technology, and all agents thereof.

g.    "Non-Party" shall mean any entity or individual that is not a party to this Litigation.

h.    "Confidential Information" means all information, whether or not embodied in a document or other physical medium, which the Designating Party reasonably and in good faith believes lends to it a competitive advantage over others who do not possess such information, as well as confidential private, or personal information relating to any individual Party or employee or former employee of a Party, which the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information.

i.    "Highly Confidential Information" means all information, whether or not embodied in a document or other physical medium, which the Designating Party reasonably and in good faith believes contains or reflects proprietary information, trade secrets or competitive or commercial information of a sensitive nature that disclosure to another party or an employee or officer of such other party may cause competitive injury. Highly Confidential information includes any data,

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

4853-7730-4888, v. 1

summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information.

**Inspection of "Confidential Information"**

2.    "Confidential Information" may only be inspected or revealed to the following persons:

    a.    The Court, Court personnel, court reporters reporting during deposition, hearing or trial testimony, jury, and/or mediator;

    b.    Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as persons or agents employed by them and/or under contract with said attorneys' of record;

    c.    Parties to this Litigation;

    d.    Designated representatives of a named party who is an entity who are directly involved in the handling and/or administration of the Litigation or who, in the good faith judgment of the party's counsel, need to have access to "Confidential Information" for a legitimate need. Counsel shall take reasonable steps to assure that "Confidential Information" is not disclosed to corporate employees who are not so designated;

    e.    Independent experts retained by the Parties in connection with this Litigation who have a legitimate need to review such "Confidential Information" for purposes of this Litigation;

    f.    Witnesses who have authored or had authorized access from the Designating Party to the "Confidential Information" prior to this Litigation, from whom the Receiving Party's attorney deems it necessary to obtain testimony for this Litigation. For purposes of trial, the identity of any such witnesses must be disclosed thirty (30) days

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

before trial or the discovery cutoff date, whichever date is earlier. Any other witness may inspect or the Receiving Part's counsel may reveal confidential information to that witness thirty (30) days before trial. No copies of "Confidential Information" shall be sent to or retained by any such witness.

    g.    Any person who is designated to receive "Confidential Information" by Order of Court or agreement of the parties; and

    h.    In-house attorneys for Defendant.

    3.    Each person to whom "Confidential Information" is disclosed or made available, including experts or consultants retained by one or more of the Parties, shall first be advised of the existence and the contents of this Order and shall agree in writing to be bound by its terms and conditions (collectively "Protective Order Agreements"). Counsel for the Receiving Party shall maintain the Protective Order Agreements throughout the course of this Litigation and shall provide copies of same to the Court and the Designating Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or a corresponding Protective Order Agreement by an identifiable individual who has been given the opportunity to review "Confidential Information" produced in this Litigation by any Party. The terms of this Protective Order, including this provision, do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

### Inspection of "Highly Confidential Information"

    4.    "Highly Confidential Information" may only be inspected or revealed to the following persons:

    a.    The Court, Court personnel, Court reporters reporting during deposition, hearing, or trial testimony, jury and/or mediator;

    b.    Counsel of record for the Parties in this Litigation, including regular

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

4853-7730-4888, v. 1

employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as person or agents employed by them and/or under contract with said attorneys of record;

c.    In-house attorneys for Defendant individually or collectively;

d.    Independent experts retained by the Parties in connection with this Litigation, who have a legitimate need to review such "Highly Confidential Information" for purposes of this Litigation; and

e.    Witnesses who have authored or had authorized access from the Designating Party to the "Highly Confidential Information" prior to this Litigation, from whom the Receiving Party's attorney deems it necessary to obtain testimony for this Litigation. For purposes of trial, the identity of any such witnesses must be disclosed thirty (30) days before trial or the discovery cutoff date, whichever date is earlier. Any other witness may inspect or the Receiving Part's counsel may reveal confidential information to that witness thirty (30) days before trial. No copies of "Highly Confidential Information" shall be sent to or retained by any such witness.

f.    The Plaintiff, but only at the offices of, and in the presence of, his respective counsel of record or at his deposition. No copies of "Highly Confidential Information" shall be retained by Plaintiff.

5.    Each person to whom "Highly Confidential Information" is disclosed or made available, including experts or consultants retained by one or more of the Parties, shall first be advised of the existence and the contents of this Order and shall agree in writing by signing a Protective Order Agreement to be bound by the terms and conditions of this Protective Order.  Counsel for the Receiving Party shall maintain the Protective Order Agreements throughout the course of this Litigation and shall provide copies of same to the Court and the Designating Party upon request if there are specific questions about

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

4853-7730-4888, v. 1

potential violations of or compliance with this Protective Order and/or a corresponding Protective Order Agreement by an identifiable individual who has been given the opportunity to review "Highly Confidential Information" produced in this Litigation by any Party. The terms of this Protective Order, including this provision, do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

### Use of "Confidential Information" or "Highly Confidential Information"

6.     All "Confidential Information" and "Highly Confidential Information" shall be used solely for the purposes of this Litigation and as permitted by and subject to this Protective Order. Under no circumstances may "Confidential Information" or "Highly Confidential Information" be used for non-Litigation purposes or in any matter, controversy, mediation, arbitration, or litigation now pending or later filed other than this Litigation.

7.     No Party or person shall make or permit the making of more copies of any "Confidential Information" than are necessary to conduct settlement negotiations, discovery or litigation relating to the matters referenced herein. Counsel of record for each Party shall retain custody of all copies of "Confidential Information" and "Highly Confidential Information" produced to said attorneys at all times, unless otherwise agreed to by the Designating Party in writing. The terms of this Protective Order, including this provision, do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

8.     No "Confidential Information" or "Highly Confidential Information" shall be filed in open court associated with this Litigation or any other action except as provided by law. The Court shall determine, with the consultation of the Parties' counsel, how to address the admission of "Confidential Information" or "Highly Confidential Information"

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**
4853-7730-4888, v. 1

offered during open Court proceedings. The terms of this Protective Order, including this provision, do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

### Designation of "Confidential Information" or "Highly Confidential Information"

9.     The Designating Party shall clearly mark or designate in writing any Litigation Document, including discovery responses, to be treated as "Confidential Information" or "Highly Confidential Information" under the terms of this Protective Order.

10.     Any Party may designate all or any portion of testimony given at a deposition, or documents attached as exhibits to a deposition, as "Confidential Information" or "Highly Confidential Information" by indicating on the record at the deposition that the testimony is "Confidential Information" or "Highly Confidential Information."   Further, all deposition transcripts shall be deemed "Confidential Information" for fifteen (15) days after their receipt by counsel for each of the Parties, during which time the Designating Party may designate information contained in the transcript as "Confidential Information" or "Highly Confidential Information" by notifying counsel for the Parties in writing of any specific pages and lines of the transcript which contain "Confidential Information" or "Highly Confidential Information." The Designating Party will act in good faith designating information as "Confidential Information" or "Highly Confidential Information," and any dispute regarding said designation will be resolved in accordance with the provisions of Paragraphs 14-16, herein.

11.     Any information produced by a non-Party in discovery pursuant to a subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order.   Any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation

shall also function as a consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order. No provision of this Protective Order shall be construed as authorizing or encouraging a party to disobey a lawful subpoena or court order issued in another action.

12.     Persons may be deposed regarding "Confidential Information" or "Highly Confidential Information" of which they have knowledge. In the event any "Confidential Information" is to be used or discussed in a deposition, any Party shall have the right to exclude from attendance during such portions of the deposition involving "Confidential Information" any person other than the deponent and the persons defined in Paragraph 2. If any "Highly Confidential Information" is to be used or discussed in a deposition, the Designating Party shall have the right to exclude from attendance during such portions of the deposition involving "Highly Confidential Information" any person other than the deponent, counsel for the Parties, the court reporter, and the persons defined in Paragraph 4.

13.     The protections conferred by this Protective Order cover not only "Confidential Information" and "Highly Confidential Information" but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information. A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. If a Party's request to file Confidential Information under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. Any use of Confidential Information at trial shall be

governed by the orders of the trial court. This Order does not govern the use of Confidential Information at trial.

## Challenging Confidentiality Designations

14.     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time, so long as consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

15.     <u>Meet and Confer and Judicial Intervention</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. The dispute resolution process must strictly comply with Local Rule 37-1 and 37-2, including the Joint Stipulation requirement. Further, any motion filed pursuant to this provision must be timely and consistent with the Court's Scheduling Order.

16.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## Return of "Confidential Information" or "Highly Confidential Information"

17.     Within 60 days after the final termination of this Litigation, whether by settlement, judgment, or decision on appeal, all originals and copies of "Confidential Information" and "Highly Confidential Information" shall be returned to the Producing Party, unless otherwise agreed to between the Parties, together with all documents

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

4853-7730-4888, v. 1

containing data or information obtained, derived, or generated therefrom. The Producing Party's counsel shall retain such information for a period of four (4) years following the conclusion of this Litigation. In the alternative, the Receiving Party may provide counsel for the Producing Party with a certification attesting that the "Confidential Information" or "Highly Confidential Information," together with all documents containing data or information obtained, derived, or generated therefrom, has been destroyed.

18.    Where documents are produced by a non-Party but designated "Confidential" or "Highly-Confidential" by a Party to this action, such documents shall be returned to the Designating Party within 60 days after the final termination of this Litigation, unless otherwise agreed to between the Parties and non-Party.

19.    If any "Confidential Information" or data obtained, derived, or generated therefrom, is sough through discovery from the Receiving Party by any party in any other judicial or administrative proceeding or otherwise, the Receiving Party agrees to notify Designating Party in writing within five (5) days so as to permit the Designating Party to seek a protective order from the appropriate court or take other appropriate action.

## <u>No Waiver</u>

20.    Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this action. The execution of this Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the Litigation or as a waiver of any privilege with respect thereto. Nothing contained in this Order and no designation as "Confidential Information" or "Highly Confidential Information" shall be construed as a finding (preliminary or otherwise) that any information designated by or protected by this Order does or does not constitute confidential, proprietary or trade secret information.

21.     Neither the provisions of this Protective Order nor any disclosure by a Party pursuant to this Protective Order shall constitute a waiver at any time, or in any litigation relating to the matters referenced herein or otherwise, or any attorney/client privilege, work product doctrine, or any privilege offered by the Federal Rules of Civil Procedure.

22.     No use by any Party of any "Confidential Information" or "Highly Confidential Information" or documents or any information contained therein or derived therefrom shall abrogate any of the provisions of this Protective Order with respect to such "Confidential Information" or "Highly Confidential Information" or documents or any information contained therein or derived therefrom.

Dated: October 12, 2022

/s/ Joel P. Waelty_____
Joel P. Waelty
Eleno Nunez Gonzalez
Jachimowicz Law Group
1530 The Alameda, Suite 115
San Jose, California 95126
Telephone: (408) 246-5500
Fax: (408) 246-1051
Email:      joel@jachlawgroup.com
eleno@jachlawgroup.com

Attorneys for Plaintiff

/s/ Heather D. Hearne_____
Heather D. Hearne
hdh@kullmanlaw.com
THE KULLMAN FIRM
A Professional Law Corporation
10233 South Parker Rd., Ste. 306
Parker, Colorado 80134
Tel.: (720) 447-6628
Fax: (225) 906-4230

Attorney for Defendant

## FILING ATTORNEY ATTESTATION

I, Heather Hearne, am the ECF user whose identification and password are being used to file the foregoing documents.  Pursuant to Civil Local Rule 5.1(i), I hereby attest that concurrence in the filing of these documents has been obtained from each of its signatories.

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

4853-7730-4888, v. 1

Dated:  October 12, 2022

*/s/ Heather Hearne*

Heather D. Hearne

**PURSUANT TO THE PARTIES' STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.**

DATED:  October 13, 2022

Honorable Kenly Kiya Kato
United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

13

4853-7730-4888, v. 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order and Confidentiality Agreement that was issued by the United States District Court for the Central District of California on [date] in the case of *Surdak v. DXC Technology,* Case No. 5:22-cv-00921-SB-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and Confidentiality Agreement and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order and Confidentiality Agreement to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order and Confidentiality Agreement, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

14

4853-7730-4888, v. 1

Printed name: _____

Signature: _____

4853-7730-4888, v. 1